**Ricardo Yorac BAYONA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70762.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Dec. 6, 2004.

Before: SCHROEDER, Chief Judge, GOULD and CLIFTON, Circuit Judges.

## MEMORANDUM *

Ricardo Yorac Bayona, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals's (BIA) denial of his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), and we deny the petition.[1]

## I

Before the enactment of IIRIRA, under INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) (1994) (repealed 1996), an applicant "would be eligible for suspension [of deportation] if (1) the applicant had been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of the application for suspension of deportation; (2) the applicant was a person of good moral character; and (3) deportation would result in extreme hardship to the alien or to an immediate family member who was a United States citizen or a lawful permanent resident." *Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 370 (9th Cir.2003) (en banc). However IIRIRA's "stop-time" provision—which terminates physical presence accrual for purposes of cancellation of removal or suspension of deportation upon the issuance of a Notice to Appear or Order to Show Cause—retroactively applies to transitional rule petitioners like Bayona. *See* IIRIRA § 309(c)(5); *Ram v. INS,* 243 F.3d 510, 518–19 (9th Cir.2001). Bayona entered the country illegally on December 7, 1986 and an Order to Show Cause was issued against him on November 5, 1993. Applying the stop-time rule, Bayona lacks the seven years of continuous presence necessary to qualify for suspension of deportation and is statutorily ineligible for relief. *See* 8 U.S.C. § 1254(a)(1) (1994) (repealed 1996); 8 U.S.C. § 1229b(d).

Bayona relies on *Otarola v. INS,* 270 F.3d 1272 (9th Cir.2001), in asking us not to apply the stop-time rule in his case. But *Otarola* presented a singular and inapposite procedural situation: In *Otarola,* the immigration judge (IJ) initially held that the petitioner was eligible for suspension of deportation. *Id.* at 1274. The BIA reversed after the government appealed the IJ's decision on a "frivolous, non-discretionary procedural ground" to delay a final order until after the effective date of the stop-time rule. *Id.* at 1274, 1276. The government's frivolous appeal permitted the BIA, applying the applicable law at the time of its decision, to apply the stop-time rule to Otarola's detriment. *Id.* at 1274. Bayona's reliance on *Otarola* is misplaced because both the IJ and the BIA found Bayona ineligible, and because there is no allegation of bad faith or abuse of procedure by the government in this case.[2]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Bayona was placed in deportation proceedings before April 1, 1997, and was still in the administrative process when IIRIRA took effect, our review is governed by IIRIRA's transitional rules. *See* IIRIRA § 309(c)(1); *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

2. Bayona also argues that his conviction for credit card theft should not disqualify him from a finding of good moral character because his crime fits the "petty offense" exception, *see* INA § 212(a)(2)(a)(ii)(II), 8 U.S.C. § 1182(a)(2)(A)(ii)(II), or alternatively, because his conviction was expunged. Because we have determined that Bayona is statutorily ineligible for relief for lack of continuous physical presence, we need not and do not address these arguments.

The petition for review is **DENIED.**[3]

---

**3.** Petitioner's Motion to Augment Oral Argument is also **DENIED,** in a separate order filed concurrently.

